**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BLAKE A. JONES,

        Plaintiff,

v.

CITY OF DETROIT, *et al.*,

        Defendant.

_____/

Case No. 2:26-cv-11493

Hon. Brandy R. McMillion
United States District Judge

## <u>ORDER OF SUMMARY DISMISSAL</u>

Plaintiff Blake A. Jones ("Jones"), who is currently in the custody of the Oakland County Jail, brings this *pro se* civil action against Defendants the City of Detroit and Wayne County Probate Court (collectively, "Defendants") alleging federal constitutional violations under 42 U.S.C. § 1983, 50 U.S.C. § 3936 and a state law claim for hate crimes. *See* ECF No. 1, PageID.2. He has also filed an application to proceed without the prepayment of fees (*in forma pauperis*) (ECF No. 2). For the reasons below, the Court **GRANTS** Jones' request to proceed *in forma pauperis*, but this case is **SUMMARILY DISMISSED WITH PREJUDICE**.

\* \* \*

As best the Court can discern, Jones is alleging that he has been discriminated against by the City of Detroit though the Detroit Police Department for being labeled

1

as a "mentally ill terrorist affiliate[]." *See* ECF No. 1, PageID.2. Jones filed an Application to Proceed Without the Prepayment of Fees. ECF No. 2. The Court has reviewed the application, finds Jones indigent, and therefore will permit him to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Jones is proceeding *pro se*, the Court must construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C.

2

Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)).  Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'"  *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.,* 90 F. App'x 860, 861 (6th Cir. 2004)).

There are two reasons that warrant dismissal in this case.  First, Jones' Complaint states various federal and state statutes as a basis for relief but fails to explain how the claims are supported by the facts as alleged.  Even construing Jones' *pro se* Complaint liberally, the Court cannot "conjure up unpleaded facts to support conclusory allegations," nor can the Court create a claim for relief.  *See Williams*, 2022 WL 2966395, at *2.  Nothing contained in the Complaint is sufficient for the Court to find Jones has alleged any plausible claim of relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Jones' claims are frivolous and fail to state a claim upon which relief can be granted and therefore are subject to dismissal.  *See* 28 U.S.C. § 1915(e)(2)(B).

Second and prior to this litigation, Jones filed nearly identical actions in this Court relating to the same allegations that form the basis of this case.  *See Jones v. Detroit Police Department*, Case No. 2:25-cv-10936-BRM-KGA (E.D. Mich.); *Jones v. City of Detroit*, Case No. 2:26-cv-10830-RJW-EAS (E.D. Mich.), *appeal docketed*, No. 26-1408 (6th Cir. Apr. 29, 2026); *Jones v. Oakland County Sheriffs Office*, Case No. 2:25-cv-10938-MFL-KGA (E.D. Mich.) (dismissed on other grounds) (collectively, "Prior Lawsuits").  In those actions, Jones sought monetary damages for

3

constitutional claims alleged to have arisen from a May 2019 incident with law enforcement officials.  Similar to those, the allegations here are also not credible and fail to allege facts "sufficient to raise a right to relief above the speculative level." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570)).  Additionally, because this suit repeats similar course, the doctrines of res judicata and claim preclusion also bar this suit from proceeding.

In evaluating claim preclusion, the Court looks to whether (1) there was "a final judgment on the merits" in a prior action; (2) "a subsequent suit between the same parties or their privies"; (3) an issue in the second lawsuit that should have been raised in the first; and (4) the claims in both lawsuits arise from the same transaction. *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)).  "Res judicata 'bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.'" *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010) (quoting *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007)).  "The fact that [a] plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other theories could have been asserted and remedies could have been sought in the earlier action." *Hamilton v. State Farm Fire & Cas. Co.*, 127 F.3d 1102 (6th Cir. 1997).

There is no question that the first two elements and the fourth element are met— the Court issued a final judgment on the merits in the Prior Lawsuits, the parties in at

least one of the Prior Lawsuits and the instant action are the same, *compare* ECF No. 1, *with Jones v. City of Detroit*, Case No. 2:26-cv-10830-RJW-EAS (E.D. Mich.), *appeal docketed*, No. 26-1408 (6th Cir. Apr. 29, 2026), *and Jones v. Detroit Police Department*, Case No. 2:25-cv-10936-BRM-KGA (E.D. Mich.), and the claims in each lawsuit arises from the May 4, 2019 incident the with Detroit Police Department.  As to the third element, it also supports dismissal of the current claims.  Across each suit, Jones adjust either the facts of the underlying case or the claims alleged against the governmental entity for the same or similar claims that could have been brought in one of the previous suits.  Therefore, all Jones' claims in the instant action are subject to claim preclusion and should be dismissed on that ground.

* * *

Accordingly, the Complaint (ECF No. 1) is **SUMMARILY DISMISSED WITH PREJUDICE** in its entirety.

*This is a final order that closes the case*.

**IT IS SO ORDERED.**

Dated: May 18, 2026  s/Brandy R. McMillion
    Detroit, Michigan  HON. BRANDY R. MCMILLION
United States District Judge

5